(No. 83-CV-1192—)

*In re* APPLICATION OF GEORGIA CURTIS.

*Opinion filed August 18, 1983.*

GEORGIA CURTIS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 30, 1982. Georgia Curtis, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on June 21, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Georgia Curtis, age 71, was a victim of a violent crime, as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—3).

2. That on July 30, 1982, the Claimant was knocked to the ground by an unknown offender during a purse snatching. The incident occurred on the street at 319

West Prairie, Decatur, Illinois. The Claimant was taken to Decatur Memorial Hospital for treatment of her injuries.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. That the Claimant incurred medical/hospital expenses in the amount of $277.95, none of which was paid by insurance, leaving a balance of $277.95.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand

dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10. That the Claimant is over 65 years of age and, therefore, pursuant to section 10.1(e) of the Act, she is exempt from the $200.00 deductible.

11. That the Claimant is entitled to an award for compensation of her medical expenses in the amount of $277.95.

It is hereby ordered that the sum of $277.95 (two hundred seventy-seven dollars and ninety-five cents) be and is hereby awarded to Georgia Curtis, an innocent victim of a violent crime.